UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

YACHT MANAGEMENT SOUTH
FLORIDA, INC., a Florida corporation,

    Plaintiff,

v.

M/V PRIVEE, a 2004 95' Sunseeker,
Official No. 1249993, her engines,
equipment, tackle, furnishings, etc., *in
rem*, PRIVEE MANAGEMENT ONE,
LLC, a Delaware limited liability
company, *in personam*, and PHILIP W.
CYBURT, *in personam*,

    Defendant(s).

Case No.  0:20-cv-60849

## VERIFIED COMPLAINT

Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., a Florida
corporation, hereby sues Defendants, M/V PRIVEE, a 2004 95' Sunseeker, Official No.
1249993, her engines, equipment, tackle, furnishings, etc., *in rem*, PRIVEE
MANAGEMENT ONE, LLC, a Delaware limited liability company, *in personam*, and
PHILIP W. CYBURT, *in personam*, and as grounds in support thereof, states the
following:

## JURISDICTION AND VENUE

1. This action is under Admiralty and Maritime jurisdiction within the
meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the
jurisdiction of the Court pursuant to 28 U.S.C. § 1333.

2. Venue is proper as the Defendant Vessel is located within the jurisdiction of the Court, the labor, materials and other necessaries were furnished by Plaintiff in the State of Florida, and the Parties agreed to Florida as the exclusive venue for any disputes that arise from the written agreement between the Parties.

**PARTIES**

3. Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC. ("Yacht Management"), is a corporation organized and existing under the laws of the State of Florida. Yacht Management maintains its principal place of business at: 3001 West State Road 84, Fort Lauderdale, Florida 33312.

4. Defendant, M/V PRIVEE, a 2004 95' Sunseeker, Official No. 1249993, her engines, equipment, tackle, furnishings, etc. (the "Vessel"), is a luxury motor vessel presently located at: 3001 West State Road 84, Fort Lauderdale, Florida 33312.

5. Defendant, PRIVEE MANAGEMENT ONE, LLC ("Privee Management"), is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, Privee Management maintains its principal place of business at: 3411 Silverside Road, Suite 104, Wilmington, Delaware 19810.

6. Defendant, PHILIP W. CYBURT ("Cyburt"), is an adult resident of the State of California. Upon information and belief, Cyburt maintains a residence at: 10950 Bellagio Road, Los Angeles, California 90077.

**GENERAL ALLEGATIONS**

7. On or about April 26, 2019, Defendants, Privee Management and Cyburt (the "Owners"), brought the Vessel to Yacht Management's shipyard in Fort Lauderdale to undergo extensive repairs for fire damage.

8. The Owners signed a Service Agreement with Yacht Management and agreed to be jointly bound by its terms. A true and correct copy of the Service Agreement is attached hereto as *Exhibit A*.

9. The Vessel underwent a thorough inspection by the Owners and/or their designated representatives. After the inspection was complete, Yacht Management was given a list of repairs to be completed on the Vessel.

10. Yacht Management provided the Owners and/or their designated representatives with detailed estimates for the repairs and obtained their approval before beginning any work on the Vessel.

11. At all times material hereto, Yacht Management provided the Owners and/or their designated representatives with regular updates on the progress of the repairs.

12. At all times material hereto, Yacht Management obtained approval from the Owners and/or their designated representatives before modifying the scope of the work on the Vessel.

13. At all times material hereto, Yacht Management provided the Owners and/or their designated representatives with monthly invoices for the work completed on the Vessel.

14. Pursuant to the Service Agreement, the Owners were required to pay the invoices upon receipt of same.

15. Beginning in December 2019, the Owners stopped making payments on the monthly invoices resulting in a default. A true and correct copy of the unpaid invoices are attached hereto as *Exhibit B*.

16. After numerous unsuccessful attempts to collect payment from the Owners, Yacht Management recorded a Notice of Claim of Lien with the U.S. Coast Guard for $248,805.73. A true and correct copy of the Notice of Claim of Lien is attached hereto as *Exhibit C*.

17. In addition to the amount reflected on the Notice of Claim of Lien, an additional $24,077.64 is owed to Yacht Management for labor, materials and other necessaries furnished on the Vessel after the Notice of Claim of Lien was recorded.

18. As of the date of the Verified Complaint, the total amount owed to Yacht Management is $272,883.37.

19. Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management is entitled to recover all costs and fees, including reasonable attorneys' fees, expended in collecting this sum from the Owners and/or the Vessel.

## COUNT I
## FORECLOSURE ON MARITIME LIEN
*(Yacht Management v. M/V Privee)*

20. Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 19 of the Verified Complaint.

21. Pursuant to 46 U.S.C. § 31342, Yacht Management retains a maritime lien in the amount of $272,883.37 against the Vessel for labor, materials and other necessaries furnished on the order of the Owners and/or their designated representatives.

22. Yacht Management made repeated demands for payment of the sum owed, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., respectfully requests:

(a) Process issue against the Vessel, her engines, tackle, apparel and other appurtenances, *in rem*;

(b) All persons having or claiming an interest therein be required to appear and answer the aforesaid matters;

(c) Plaintiff be decreed to have a lien upon the Vessel as described herein, and that said lien be foreclosed in accordance with law and that the Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of the Vessel;

(d) This Court further award Plaintiff the total amount due, attorneys' fees, prejudgment interest, court costs and expenses and that Plaintiff be permitted to recover same from the Vessel, *in rem*, and any non-maritime amounts from the Vessel's Owner, *in personam*; and

(e) Any further relief that the Court deems just and proper.

**<u>COUNT II</u>**
**BREACH OF WRITTEN CONTRACT**
*(Yacht Management v. Privee Management)*

23. Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 19 of the Verified Complaint.

24. On April 26, 2019, Privee Management entered into a Service Agreement with Yacht Management. A true and correct copy of the Service Agreement is attached hereto as *Exhibit A*.

25. Pursuant to the Service Agreement, Yacht Management furnished valuable labor, materials and other necessaries on the Vessel from April 26, 2019 to the present date.

26. Pursuant to the Service Agreement, Yacht Management presented Privee Management with monthly invoices for the labor, materials and other necessaries furnished on the Vessel.

27. Beginning in December 2019, Privee Management stopped making payments on the monthly invoices for the labor, materials and other necessaries furnished on the Vessel. A true and correct copy of the unpaid invoices is attached hereto as *Exhibit B*.

28. Yacht Management made repeated demands for payment of the sum due, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

29. Privee Management owes Yacht Management $272,883.37.

30. Failure to pay this amount constitutes a material breach of the Service Agreement by Privee Management.

31. Yacht Management sustained, and will continue to sustain, damages as a result of Privee Management's material breach of the Service Agreement.

32. Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management

is entitled to recover all costs and fees, including reasonable attorneys' fees expended in collecting this sum from Privee Management.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., demands judgment against Defendant, PRIVEE MANAGEMENT ONE, LLC, in the amount of $272,883.37, plus prejudgment interest, costs and attorneys' fees and for such other and further relief as the Court deems just and proper.

<u>COUNT III</u>
**BREACH OF WRITTEN CONTRACT**
(*Yacht Management v. Cyburt)*

33.     Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 19 of the Verified Complaint.

34.     On April 26, 2019, Cyburt entered into a Service Agreement with Yacht Management. A true and correct copy of the Service Agreement is attached hereto as ***Exhibit A***.

35.     Pursuant to the Service Agreement, Yacht Management furnished valuable labor, materials and other necessaries on the Vessel from April 26, 2019 to the present date.

36.     Pursuant to the Service Agreement, Yacht Management presented Cyburt with monthly invoices for the labor, materials and other necessaries furnished on the Vessel.

37.     Beginning in December 2019, Cyburt stopped making payments on the monthly invoices for the labor, materials and other necessaries furnished on the Vessel. A true and correct copy of the unpaid invoices is attached hereto as ***Exhibit B***.

38.     Yacht Management made repeated demands for payment of the sum due, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

39.     Cyburt owes Yacht Management $272,883.37.

40.     Failure to pay this amount constitutes a material breach of the Service Agreement by Cyburt.

41.     Yacht Management sustained, and will continue to sustain, damages as a result of Cyburt's material breach of the Service Agreement.

42.     Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management is entitled to recover all costs and fees expended in collecting this sum from Cyburt.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., demands judgment against Defendant, PHILIP W. CYBURT, in the amount of $272,883.37, plus prejudgment interest, costs and attorneys' fees and fur such other and further relief as the Court deems just and proper.

Dated:   April 25, 2020

Respectfully submitted,

*/s/ Justin S. Fiorilli*
JUSTIN S. FIORILLI, ESQ.
Fla. Bar No. 111481
FIORILLI LAW GROUP, P.A.
Attorneys for Plaintiff
3001 West State Road 84, Suite 202
Fort Lauderdale, Florida 33312
Telephone: (954) 797-7719
E-Mail: justin@fiorillilaw.com
E-Mail: michael@fiorillilaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

YACHT MANAGEMENT SOUTH
FLORIDA, INC., a Florida corporation,

    Plaintiff,

v.

M/V PRIVEE, a 2005 95' Sunseeker,
Official No. 1249993, her engines,
equipment, tackle, furnishings, etc., *in
rem*, PRIVEE MANAGEMENT ONE,
LLC, a Delaware limited liability
company, *in personam*, and PHILIP W.
CYBURT, *in personam*,

    Defendant(s).

Case No. 0:20-cv-60849

## **VERIFICATION**

STATE OF:    FLORIDA    )
                   )
COUNTY OF:   BROWARD   )

I, **JOSHUA KERRIGAN**, being duly sworn, deposes and says:

1.     I am the President of YACHT MANAGEMENT SOUTH FLORIDA, INC.

2.     I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge.

3.     The source of my information and the grounds of my belief as to all matters stated in the Verified Complaint is my personal knowledge, reports made to me by employees of YACHT MANAGEMENT SOUTH FLORIDA, INC., and by reviewing the business records concerning the Vessel.

4.    I am authorized to make these representations on behalf of YACHT

MANAGEMENT SOUTH FLORIDA, INC.

YACHT MANAGEMENT SOUTH FLORIDA, INC.
By: Joshua Kerrigan
Its: President


**SWORN TO AND SUBSCRIBED** before me, the undersigned authority, on this

20th day of _____April_____, 2020.

JOSEPH DONOFRIO
Notary Public – State of Florida
Commission # GG 107123
My Comm. Expires Jun 27, 2021
Bonded through National Notary Assn.

NOTARY PUBLIC
State of Florida
My Commission Expires: June 27, 2021