UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

YACHT MANAGEMENT SOUTH
FLORIDA, INC., a Florida corporation,

    Plaintiff,

v.

M/V PRIVEE, a 2004 95' Sunseeker,
Official No. 1249993, her engines,
equipment, tackle, furnishings, etc., *in
rem*, PRIVEE MANAGEMENT ONE,
LLC, a Delaware limited liability
company, *in personam*, and PHILIP W.
CYBURT, *in personam*,

    Defendant(s).

Case No. 0:20-cv-60849-RAR

## **VERIFIED AMENDED COMPLAINT**

Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., a Florida

corporation, hereby sues Defendants, M/V PRIVEE, a 2004 95' Sunseeker, Official No.

1249993, her engines, equipment, tackle, furnishings, etc., *in rem*, PRIVEE

MANAGEMENT ONE, LLC, a Delaware limited liability company, *in personam*, and

PHILIP W. CYBURT, *in personam*, and as grounds in support thereof, states the

following:

## **JURISDICTION AND VENUE**

1.    This action is under Admiralty and Maritime jurisdiction within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the

jurisdiction of the Court pursuant to 28 U.S.C. § 1333.

2. Venue and Jurisdiction as to the *in rem* Defendant are proper as the Vessel is located within the jurisdiction of the Court, the labor, materials and other necessaries were furnished by Plaintiff in the State of Florida, and the Parties agreed to Florida as the exclusive venue for any disputes that arise from the written agreement between the Parties.

3. Venue and Jurisdiction as to the *in personam* Defendants are proper as the *in personam* Defendants: (i) operated, conducted, engaged in, and/or carried on a business or business venture in Florida and have an office or agent(s) in Florida, including surveyors, experts and other independent contractors, (ii) committed a tortious act in Florida as alleged herein, and (iii) breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida as alleged herein. Additionally, the *in personam* Defendants entered into a written contract in which Defendants expressly consented to the personal jurisdiction of the Court in Broward County, Florida over all matters arising out of the contract that is sued on herein. A copy of the contract is attached hereto as ***Exhibit A***. Lastly, the *in personam* Defendants are engaged in substantial and not isolated activity within Florida and therefore, are subject to the general personal jurisdiction of the Court. This substantial and not isolated activity included, but is not limited to, attending multiple meetings in Florida to discuss the repair project and retaining multiple agents in Florida to monitor and supervise the repair project.

## **PARTIES**

4. Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC. ("Yacht Management"), is a corporation organized and existing under the laws of the State of

Florida. Yacht Management maintains its principal place of business at: 3001 West State Road 84, Fort Lauderdale, Florida 33312.

5.    Defendant, M/V PRIVEE, a 2004 95' Sunseeker, Official No. 1249993, her engines, equipment, tackle, furnishings, etc. (the "Vessel"), is a luxury motor vessel presently located at: 3001 West State Road 84, Fort Lauderdale, Florida 33312.

6.    Defendant, PRIVEE MANAGEMENT ONE, LLC ("Privee Management"), is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, Privee Management maintains its principal place of business at: 3411 Silverside Road, Suite 104, Wilmington, Delaware 19810.

7.    Defendant, PHILIP W. CYBURT ("Cyburt"), is an adult resident of the State of California. Upon information and belief, Cyburt maintains a residence at: 10950 Bellagio Road, Los Angeles, California 90077.

## GENERAL ALLEGATIONS

8.    On or about April 26, 2019, Defendants, Privee Management and Cyburt (the "Owners"), brought the Vessel to Yacht Management's shipyard in Fort Lauderdale to undergo extensive repairs for fire damage.

9.    The Owners signed a Service Agreement with Yacht Management and agreed to be jointly bound by its terms. A true and correct copy of the Service Agreement is attached hereto as ***Exhibit A***.

10.    The Vessel underwent a thorough inspection by the Owners and/or their designated representatives. After the inspection was complete, Yacht Management was given a list of repairs to be completed on the Vessel.

11. Yacht Management provided the Owners and/or their designated representatives with detailed estimates for the repairs and obtained their approval before beginning any work on the Vessel.

12. At all times material hereto, Yacht Management provided the Owners and/or their designated representatives with regular updates on the progress of the repairs.

13. At all times material hereto, Yacht Management obtained approval from the Owners and/or their designated representatives before modifying the scope of the work on the Vessel.

14. At all times material hereto, Yacht Management provided the Owners and/or their designated representatives with monthly invoices for the work completed on the Vessel.

15. Pursuant to the Service Agreement, the Owners were required to pay the invoices upon receipt of same.

16. Beginning in December 2019, the Owners stopped making payments on the monthly invoices resulting in a default. A true and correct copy of the unpaid invoices are attached hereto as ***Exhibit B***.

17. After numerous unsuccessful attempts to collect payment from the Owners, Yacht Management recorded a Notice of Claim of Lien with the U.S. Coast Guard for $248,805.73. A true and correct copy of the Notice of Claim of Lien is attached hereto as ***Exhibit C***.

18. In addition to the amount reflected on the Notice of Claim of Lien, an additional $24,077.64 is owed to Yacht Management for labor, materials and other necessaries furnished on the Vessel after the Notice of Claim of Lien was recorded.

19. As of April 25, 2020, the total amount owed to Yacht Management was $272,883.37, however, this amount has since increased as storage, electricity and air conditioning charges accrue daily.

20. Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management is entitled to recover all costs and fees, including reasonable attorneys' fees, expended in collecting this sum from the Owners and/or the Vessel.

## COUNT I
## FORECLOSURE ON MARITIME LIEN
*(Yacht Management v. M/V Privee)*

21. Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 20 of the Verified Amended Complaint.

22. Pursuant to 46 U.S.C. § 31342, Yacht Management retains a maritime lien in the amount of $272,883.37 against the Vessel for labor, materials and other necessaries furnished on the order of the Owners and/or their designated representatives.

23. The amount of Yacht Management's lien continues to increase as storage, electricity and air conditioning charges accrue daily.

24. At all times material hereto, Yacht Management furnished labor, materials and other necessaries to the Vessel. A description of said labor, materials and other necessaries is attached hereto as *Exhibit B*.

25.     The charges for the labor, materials and other necessaries furnished to the Vessel are customary and in accord with prevailing charges in the local marine industry and are in every respect reasonable under the circumstances.

26.     The labor, materials and other necessaries furnished to the Vessel were furnished at the direction of the Vessel owner and/or agent, and in particular, Cyburt and/or Privee Management.

27.     Yacht Management made repeated demands for payment of the sum owed, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., respectfully requests:

(a)     Process issue against the Vessel, her engines, tackle, apparel and other appurtenances, *in rem*;

(b)     All persons having or claiming an interest therein be required to appear and answer the aforesaid matters;

(c)     Plaintiff be decreed to have a lien upon the Vessel as described herein, and that said lien be foreclosed in accordance with law and that the Vessel be condemned and sold in payment of the outstanding amount due, in addition to all other sums owed, and that Plaintiff be permitted to bid the amount of its lien at the sale of the Vessel;

(d)     This Court further award Plaintiff the total amount due, attorneys' fees, prejudgment interest, court costs and expenses and that Plaintiff be permitted to recover same from the Vessel, *in rem*, and any non-maritime amounts from the Vessel's Owner, *in personam*; and

(e)     Any further relief that the Court deems just and proper.

**<u>COUNT II</u>**
**BREACH OF WRITTEN CONTRACT**
*(Yacht Management v. Privee Management)*

28.     Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 20 of the Verified Amended Complaint.

29.     On April 26, 2019, Privee Management entered into a Service Agreement with Yacht Management. A true and correct copy of the Service Agreement is attached hereto as ***Exhibit A***.

30.     Pursuant to the Service Agreement, Yacht Management furnished valuable labor, materials and other necessaries on the Vessel from April 26, 2019 to the present date.

31.     Pursuant to the Service Agreement, Yacht Management presented Privee Management with monthly invoices for the labor, materials and other necessaries furnished on the Vessel.

32.     The charges for the labor, materials and other necessaries furnished on the Vessel are customary and in accord with prevailing charges in the local marine industry and are in every respect reasonable under the circumstances.

33.     Beginning in December 2019, Privee Management stopped making payments on the monthly invoices for the labor, materials and other necessaries furnished on the Vessel. A true and correct copy of the unpaid invoices is attached hereto as ***Exhibit B***.

34. Yacht Management made repeated demands for payment of the sum due, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

35. As of April 25, 2020, the total amount owed to Yacht Management was $272,883.37, however, this amount has since increased as storage, electricity and air conditioning charges accrue daily.

36. Failure to pay this amount constitutes a material breach of the Service Agreement by Privee Management.

37. Yacht Management sustained, and will continue to sustain, damages as a result of Privee Management's material breach of the Service Agreement.

38. Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management is entitled to recover all costs and fees, including reasonable attorneys' fees expended in collecting this sum from Privee Management.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., demands judgment against Defendant, PRIVEE MANAGEMENT ONE, LLC, in the amount of $272,883.37, plus additional storage, electricity and air conditioning charges accrued during the pendency of this action, prejudgment interest, costs and attorneys' fees and for such other and further relief as the Court deems just and proper.

### COUNT III
### BREACH OF WRITTEN CONTRACT
*(Yacht Management v. Cyburt)*

39. Yacht Management adopts, reavers and realleges the allegations contained in Paragraphs 1 through 20 of the Verified Amended Complaint.

40. On April 26, 2019, Cyburt entered into a Service Agreement with Yacht Management. A true and correct copy of the Service Agreement is attached hereto as *Exhibit A*.

41. Paragraph 17 of the Service Agreement states: "If the individual signing this Service Agreement is not the Owner, such person who is signing for or on behalf of the Owner warrants and represents his or her authority to obligate the Owner and the vessel to the terms of this Service Agreement, and by signing below, also agrees to be personally bound by the terms and obligations set forth in this Service Agreement."

42. Cyburt signed the Service Agreement in his individual capacity.

43. Cyburt agreed to be personally bound by the terms and obligations set forth in the Service Agreement.

44. At all times material hereto, Cyburt personally requested that Yacht Management furnish valuable labor, materials and other necessaries on the Vessel.

45. At all times material hereto, Cyburt personally directed Yacht Management to furnish valuable labor, materials and other necessaries on the Vessel.

46. At all times material hereto, Cyburt personally monitored and supervised Yacht Management and attended meetings in Florida.

47. At all times material hereto, Cyburt personally retained experts and other agents that acted on his and assisted in monitoring and supervising the repair project.

48. Pursuant to the Service Agreement and Cyburt's personal directions, Yacht Management furnished valuable labor, materials and other necessaries on the Vessel from April 26, 2019 to the present date.

49. Pursuant to the Service Agreement, Yacht Management presented Cyburt with monthly invoices for the labor, materials and other necessaries furnished on the Vessel.

50. The charges for the labor, materials and other necessaries furnished on the Vessel are customary and in accord with prevailing charges in the local marine industry and are in every respect reasonable under the circumstances.

51. During the course of the repair project, Cyburt made payments to Yacht Management from personal banking and credit accounts held in his name.

52. Cyburt personally signed a credit card authorization form authorizing Yacht Management to charge his credit card for the labor, materials and other necessaries furnished on the Vessel. A true and correct copy of the credit card authorization form is attached hereto as ***Exhibit D***.

53. Beginning in December 2019, Cyburt stopped making payments on the monthly invoices for the labor, materials and other necessaries furnished on the Vessel. A true and correct copy of the unpaid invoices is attached hereto as ***Exhibit B***.

54. Yacht Management made repeated demands for payment of the sum due, but despite such demands, has not received payment for the labor, materials and other necessaries furnished on the Vessel.

55. As of April 25, 2020, the total amount owed to Yacht Management was $272,883.37, however, this amount has since increased as storage, electricity and air conditioning charges accrue daily.

56. Failure to pay this amount constitutes a material breach of the Service Agreement by Cyburt.

57.     Yacht Management sustained, and will continue to sustain, damages as a result of Cyburt's material breach of the Service Agreement.

58.     Yacht Management retained the undersigned counsel to recover the amount owed. Pursuant to Paragraph 10 of the Service Agreement, Yacht Management is entitled to recover all costs and fees expended in collecting this sum from Cyburt.

**WHEREFORE**, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., demands judgment against Defendant, PHILIP W. CYBURT, in the amount of $272,883.37, plus additional storage, electricity and air conditioning charges accrued during the pendency of this action, prejudgment interest, costs and attorneys' fees and fur such other and further relief as the Court deems just and proper.

Dated:  June 23, 2020

Respectfully submitted,

*/s/ Justin S. Fiorilli*

JUSTIN S. FIORILLI, ESQ.
Fla. Bar No. 111481
FIORILLI LAW GROUP, P.A.
Attorneys for Plaintiff
3001 West State Road 84, Suite 202
Fort Lauderdale, Florida 33312
Telephone: (954) 797-7719
E-Mail: justin@fiorillilaw.com
E-Mail: michael@fiorillilaw.com

"IN ADMIRALTY"

| | | |
|---|---|---|
| YACHT MANAGEMENT SOUTH FLORIDA, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>M/V PRIVEE, a 2004 95' Sunseeker, Official No. 1249993, her engines, equipment, tackle, furnishings, etc., *in rem*, PRIVEE MANAGEMENT ONE, LLC, a Delaware limited liability company, *in personam*, and PHILIP W. CYBURT, *in personam*,<br><br>Defendant(s). | | Case No. 0:20-cv-60849-RAR |

## **VERIFICATION**

STATE OF: FLORIDA )
)
COUNTY: BROWARD )

I, **JOSHUA KERRIGAN**, being duly sworn, deposes and says:

1.     I am the President of YACHT MANAGEMENT SOUTH, FLORIDA, INC.

2.     I have read the foregoing Verified Amended Complaint and know the contents thereof, and the same is true to the best of my knowledge.

3.     The source of my information and the grounds for my belief as to all matters stated in the Verified Amended Complaint is my personal knowledge having been involved in the transaction with Defendants, reports made available to me by employees of YACHT MANAGEMENT SOUTH FLORIDA, INC., and by reviewing the

business records maintained by the company related to the Vessel, Cyburt and Privee Management One LLC.

4.     I am authorized to make these representations on behalf of YACHT MANAGEMENT SOUTH FLORIDA, INC.



YACHT MANAGEMENT SOUTH FLORIDA, INC.
By: Joshua Kerrigan
Its: President

**SWORN TO AND SUBSCRIBED** before me, the undersigned authority on the

23 day of June , 2020.

NOTARY PUBLIC
State of Florida
My Commission Expires: June 27, 2021

JOSEPH DONOFRIO
Notary Public – State of Florida
Commission # GG 107123
My Comm. Expires Jun 27, 2021
Bonded through National Notary Assn.