"IN ADMIRALTY"

YACHT MANAGEMENT SOUTH FLORIDA, INC., a Florida corporation,

Plaintiff,

v.

M/V PRIVEE, a 2004 95' Sunseeker, Official No. 1249993, her engines, equipment, tackle, furnishings, etc., *in rem*, PRIVEE MANAGEMENT ONE, LLC, a Delaware limited liability company, *in personam*, and PHILIP W. CYBURT, *in personam*,

Defendant(s).

Case No. 0:20-cv-60849-RAR

## **PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC. ("Plaintiff"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, hereby files this Motion to Dismiss the Counterclaim filed by Defendants, M/V PRIVEE, PRIVEE MANAGEMENT ONE, LLC and PHILIP W. CYBURT (jointly, the "Defendants"), and as grounds in support thereof, states the following:

### **INTRODUCTION**

Plaintiff, Yacht Management South Florida, Inc. [1] filed this lawsuit on April 25, 2020 to recover more than $272,000.00 in unpaid repair charges on the *PRIVEE*, a 95-foot luxury motor yacht owned by Defendants [D.E. 1]. The U.S. Marshal arrested *PRIVEE* pursuant to Supplemental

---

[1] Plaintiff owns and operates a full-service shipyard and marine service center in Fort Lauderdale, Florida. The company has been in business in South Florida for eleven (11) years.

Admiralty Rule C. [D.E. 12]. Recently, Defendants posted bond in the amount of $315,000.00 to release *PRIVEE* from arrest. [D.E. 37].

In response to this lawsuit, Defendants filed an Answer, Affirmative Defenses and Counterclaim on June 16, 2020. [D.E. 21]. In the Counterclaim, Defendants allege four (4) causes of action related to the repairs made by Plaintiff. In Count I, Defendants sue Plaintiff for negligence. In Count II, Defendants sue Plaintiff for breach of an express warranty. In Count III, Defendants sue Plaintiff for unjust enrichment. In Count IV, Defendants sue Plaintiff for an accounting. Plaintiff disputes the allegations in the Counterclaim in the strongest possible terms but will accept the allegations as true for purposes of this motion only.

Plaintiff will show that each of the counts in the Counterclaim fail to state a cause of action and therefore, should be dismissed. Specifically, Plaintiff will show:

1. The maritime economic loss rule bars Defendants from recovering in tort for claims that sound in contract.

2. Breach of an expressed warranty requires Defendants to allege that they gave actual notice to Plaintiff of the alleged defect.

3. Pleading an express contract in a claim for unjust enrichment creates a pleading repugnancy that renders the claim a nullity.

4. Claim for an accounting requires Defendants to allege that it does not have an adequate remedy at law and that it is necessary to the complete adjustment of rights in the lawsuit.

**MEMORANDUM OF LAW**

**I.     The Maritime Economic Loss Rule Bars Defendants from Recovering in Tort for Claims that Sound in Contract.**

In admiralty, the maritime economic loss rule "provides that a tort action may not lie where the basis for liability arises from a contract." R/V Beacon, LLC v. Underwater Archeology & Exploration Corp., 2014 WL 4930645 at *5 (S.D. Fla. Oct. 1, 2014). This rule finds its origins in

East River S.S. v. Transamerica Delaval, Inc., 476 U.S. 858 (1986), where the U.S. Supreme Court held that a "manufacturer in a commercial relationship has **no duty** under either a negligence or strict products-liability theory to prevent a product from injuring itself." Id. at 871. Courts have expanded this rule to situations where a party is attempting to bring a breach of contract action couched as a tort claim. See BVI Marine Construction Ltd. v. ECS Florida, LLC, 2013 WL 6768646 at *3-4 (S.D. Fla. Dec. 20, 2013); (citing Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 307-10 (1927) (noting that "when an enforceable contract exists, it is preferable to resolve disputes on the basis of the contractual relationship.").

In the Counterclaim, Defendants repeatedly allege the existence of a contractual relationship between the parties: "[Plaintiff] entered into a contract with a forum selection clause selecting and consenting to Broward County as the exclusive jurisdiction and venue" [D.E. 21, ¶ 5]; "Pursuant to the Service Agreement, the [Defendants] paid down payments on the estimates that were provided" [D.E. 21, ¶ 14]; "However, on numerous occasions, [Plaintiff] failed to abide by its contractual obligation to provide the [Defendants] with an estimate before the work was started…" [D.E. 21, ¶ 15]. Defendants incorporate these allegations into every cause of action in the Counterclaim, including the cause of action for negligence. Defendants even quote the exact language of the contract in the cause of action for breach of express warranty. [D.E. 21, ¶ 29].

Despite the existence of a contractual relationship, Defendants sued Plaintiff under the tort theory of negligence. However, Defendants failed to allege an independent duty beyond the contract. Rather, Defendants merely incorporate general allegations relating to the transaction, including that Plaintiff overcharged Defendants and failed to complete the work as agreed. Even if these allegations were true, they would constitute a breach of Plaintiff's contractual duty. Since no independent duty exists, Plaintiff's sole remedy for damages, if any, must be brought under a

contract theory, not a tort theory. Accordingly, Count I of the Counterclaim should be dismissed for failure to state a cause of action for negligence.

**II.     Breach of an Express Warranty Requires Defendants to Allege that Actual Notice was given to Plaintiff of the Alleged Defect.**

In admiralty, maritime repair contracts and other maritime service contracts are subject to the warranty of workmanlike service. Fairest-Knight v. Marine World District, Inc., 652 F.3d 94 (1st Cir. 2011). Courts have construed the warranty to mean that repairs must be made in a diligent and workmanlike manner. Fairmont Shipping Corp. v. Chevron International Oil Company, 511 F.2d 1252 (2d Cir 1975). The warranty is implied in every maritime repair contract, **unless the parties expressly modify or exclude the warranty from the contract**. Fairest-Knight, 652 F.3d at 94; Butterfly Transportation Corp. v. Bertucci Industrial Services LLC, 243 Fed. Appx. 16 (5th Cir. 2007); La Esperanza de P.R. Inc. v. Perez y Cia de Puerto Rico, Inc., 124 F.3d 10 (1st Cir. 1997); Parfait v. Jahncke Service, Inc., 484 F.2d 296 (5th Cir. 1973).

In the Counterclaim, Defendants cherry-pick language from the service contract to support its claim that Plaintiff breached an express warranty of workmanlike service. [D.E. 21, ¶ 29]. However, Defendants fail to attach the actual service contract and quote only a portion of the warranty provision. This is not merely a technical error. Had Defendants attached or quoted the whole warranty provision, it would be clear that the warranty was limited and required Defendants to give prompt written notice to Plaintiff of any defective work within sixty (60) days:

> LIMITED WARRANTY AND DISCLAIMER OF WARRANTIES. Yacht Management warrants to Owner that its services will be performed in a competent manner and will be free from defects in workmanship and materials **for a period of sixty (60) days after completion of the services**. If any defects in workmanship and materials are discovered, Owner shall **promptly notify Yacht Management in writing** thereof. Upon the return of the defective work to Yacht Management's facility in Fort Lauderdale, Florida, Yacht Management shall re-perform the defective portion of the service and will correct any damage to the vessel and/or equipment upon which this service was performed at the option of Yacht

> Management by either repairing or replacing any damaged part resulting from fault service. It is specifically understood and agreed that no other warranties, express or implied, are or will be deemed to have been made by Yacht Management with respect to services performed by Yacht Management. **<u>The implied warranties of merchantability, workmanship and fitness are specifically disclaimed.</u>**

See Service Agreement, attached hereto as <u>Exhibit A</u>.

Under Florida law, the elements of a claim for breach of warranty are: (i) facts in respect to the sale of goods; (ii) type of warranty created; (iii) facts in respect to the creation of that particular type of warranty; (iv) facts of the breach of warranty; (v) notice to seller of breach; and (vi) injuries sustained by the buyer as a result of the breach of warranty. <u>Wilson v. Chattem, Inc.</u>, 2009 WL 10667847 at *3 (S.D. Fla. Sept. 17, 2009) (citing <u>Pegasus Imaging Corp. v. Allscripts Healthcare Solutions, Inc.</u>, 2009 WL 1767612 at *2 (M.D. Fla. June 23, 2009).

In the Counterclaim, Defendants fail to allege that any notice was given to Plaintiff, much less that it was given in writing and within sixty (60) days of discovering the allegedly defective work. To the extent that Defendants rely on an independent warranty from the warranty quoted above, the service contract expressly disclaims such warranties, including the warranty of workmanship, which Defendants sue on in Count II. Therefore, Defendants have not properly pled a cause of action for breach of warranty under Florida law. Additionally, Defendants have not properly plead a cause of action for breach of warranty in admiralty, since same is expressly disclaimed in the service contract. Accordingly, Count II of the Counterclaim should be dismissed for failure to state a cause of action for breach of warranty.

III.     **Pleading an Express Contract in a Claim for Unjust Enrichment Creates a Pleading Repugnancy that Renders the Claim a Nullity.**

Under Florida law, to prevail on a claim for unjust enrichment, the plaintiff must show: (i) the plaintiff conferred a benefit on the defendant; (ii) the defendant has knowledge of the benefit; (iii) the defendant has accepted or retained the benefit conferred; and (iv) the circumstances are

such that it would be inequitable for the defendant to retain the benefit without paying fair value of it. Baptista v. JP Morgan Chase Bank, N.A., 640 F.3d 1194 (11th Cir. 2011). Nonetheless, the law in the Eleventh Circuit is that "**a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter**." National Maritime Services, Inc. v. Straub, 2011 WL 13216982 at *8 (S.D. Fla. Jul. 13, 2011) (quoting Diamond "S" Development Corp. v. Mercantile Bank, 989 So.2d 696, 697 (Fla. 1st DCA 2008).

In the Counterclaim, Plaintiff concedes that Defendants recite the elements of unjust enrichment. However, Defendants also allege the existence of an express contractual relationship between the parties in the **same count**. For example, in Paragraph 5 of the Counterclaim, Defendants allege that the parties "entered into a contract with a forum selection clause…" [D.E. 21, ¶ 5]. In Paragraph 14, Defendants allege that the parties acted "[p]ursuant to the service agreement…" [D.E. 21, ¶ 14]. In Paragraph 15, Defendants acknowledge a "contractual obligation" existing between the parties. [D.E. 21, ¶ 15]. These allegations are incorporated into the same count as Defendants' claim for unjust enrichment. [D.E. 31, ¶ 31].

Plaintiff acknowledges that breach of contract and unjust enrichment may be plead in the alternative. However, that is not what Defendants have done in the Counterclaim. Rather, Defendants have created an inconsistency by alleging the existence of an express contract in the same count as its claim for unjust enrichment. Where there are contradictory, repugnant or inconsistent statements in the same count, the statements neutralize each other, and the pleading is deemed nullity. American Fire Insurance Company v. King Lumber & Manufacturing Co., 74 Fla. 130 (1917). Accordingly, Count III of the Counterclaim should be deemed a nullity and dismissed for failure to state a cause of action for unjust enrichment.

**IV. Claim for an Accounting Requires Allegations that Defendants Do Not Have an Adequate Remedy at Law and that the Accounting is Necessary to the Complete Adjustment of Rights in the Lawsuit.**

Under Florida law, to prevail on a claim for accounting, the plaintiff must show either: (i) a sufficiently complicated transaction and an inadequate remedy at law; or (ii) the existence of a fiduciary relationship. Zaki Kulaibee Establishment v. McFliker, 771 F.3d 1301 (11th Cir. 2014). In admiralty, the U.S. Supreme Court has established an additional element for accounting claims stating, "It is true that a court of **admiralty will not entertain a suit for an accounting** as such, as, for example, an accounting between co-owners of a vessel, or between maritime adventurers, or between principal and agent" unless "an accounting is necessary to the complete adjustment of rights over which admiralty has independent jurisdiction…" Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 692 (1950); See also Fathom Expeditions, Inc. v. M/T Gavrion, 402 F. Supp 390, 396 (M.D. Fla. 1975).

In the Counterclaim, Defendants fail to state a cause of action for an accounting under both Florida and admiralty law. Although Defendants allege that the parties were engaged in a "complicated business relationship," the Counterclaim is void of any allegation that Defendants have an inadequate remedy at law, such as an action for breach of contract. Additionally, Defendants fail to allege the existence of a fiduciary relationship between the parties. Defendants also fail to allege the additional requirement created by the U.S. Supreme Court in Swift & Co. Defendants omit any facts establishing that the accounting is "necessary to the complete adjustment of rights" in this lawsuit. Id. at 692. To the extent that Defendants intend to trace how Plaintiff charged for its services, same can be accomplished through the ordinary discovery procedures. Accordingly, Count IV of the Counterclaim should be dismissed for failure to state a cause of action for an accounting.

## CONCLUSION

For the reasons set forth herein, Plaintiff, YACHT MANAGEMENT SOUTH FLORIDA, INC., respectfully requests that this Honorable Court dismiss Counts I (Negligence), Count II (Breach of Express Warranty of Workmanship), Count III (Unjust Enrichment) and Count IV (Accounting) of Defendants' Counterclaim, and for such other and further relief as this Honorable Court deems just and proper.

Dated: July 7, 2020

Respectfully submitted,

**/s/ Justin S. Fiorilli**

JUSTIN S. FIORILLI, ESQ.
Fla. Bar No. 111481
FIORILLI LAW GROUP, P.A.
3001 West State Road 84, Suite 202
Fort Lauderdale, Florida 33312
Telephone: (954) 797-7719
Direct: (561) 727-9337
E-Mail: justin@fiorillilaw.com
E-Mail: michael@fiorillilaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF and served on all counsel on the below Service List on this 7th day of July, 2020.

Respectfully submitted,

**/s/ Justin S. Fiorilli**

JUSTIN S. FIORILLI, ESQ.
Fla. Bar No. 111481

## SERVICE LIST

**MICHAEL MOORE, ESQ**.
Fla. Bar No. 207845
**KAVAN VARTAK, ESQ.**
Fla. Bar No. 1017058
MOORE & COMPANY, P.A.

255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
E-mail: michael@moore-and-co.com
E-mail: kvartak@moore-and-co.com